IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0602
════════════
 
BFI Waste Systems of North 
America, Inc. and 
Browning-Ferris Industries, 
Inc., Petitioners,
 
v.
 
North Alamo Water Supply 
Corporation, 
Jimmy Steidinger, Engelman Irrigation 
District and 
Hidalgo County Drainage District 
No. 1, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Petitioners BFI Waste Systems of North America, Inc. and Browning-Ferris 
Industries, Inc. operate a landfill in Hidalgo County that requires a discharge permit 
from the Hidalgo County Drainage District No. 1, one of the respondents. 
Petitioners obtained the permit in 1993 as part of a settlement among 
petitioners, the Drainage District, and the other three respondents, North Alamo 
Water Supply Corp., Jimmy Steidinger, and Engelman Irrigation District. The settlement agreement 
imposed certain restrictions on the operation of the landfill.
            
In 2002, petitioners obtained permission from the Texas Commission on 
Environmental Quality to expand the landfill vertically. Respondents brought 
this action against petitioners, alleging that the expansion breached the 
settlement agreement. Based on a verdict favorable to respondents, the trial 
court issued an injunction against petitioners and awarded respondents attorney 
fees. The court of appeals reversed the injunction but awarded North Alamo damages as found by the jury. ___ S.W.3d ___ (Tex. App.—Corpus Christi). 
Petitioners and respondents have all petitioned this Court for review.
            
Footnote 6 of the court of appeals’ opinion comments on the effect of 
petitioners’ breach on the discharge permit:
 
            
At trial, North Alamo was the only party 
that presented evidence of damages. We note, however, that because the 
Settlement Agreement provided for the issuance of a drainage permit by the 
Hidalgo County Drainage District No. 1 in consideration of BFI’s compliance with Permit 1948 and certain enumerated 
provisions, and the jury found that BFI materially breached that agreement, the 
Drainage District is excused from its obligation to perform under the Settlement 
Agreement. Mustang Pipeline Co. v. Driver Pipeline Co., 134 S.W.3d 195, 196, 47 Tex. Sup. Ct. J. 461 (Tex. 2004) (“It is a 
fundamental principle of contract law that when one party to a contract commits 
a material breach of that contract, the other party is discharged or excused 
from further performance.”).
 
All parties 
agree that the validity of the discharge permit was not raised in the trial 
court or the court of appeals. Petitioners argue that footnote 6 should not 
prejudice any future litigation over the discharge 
permit. We agree. Footnote 6 was outside the issues before the court of appeals 
and thus cannot determine the validity of the permit.
            
The petitions for review are denied.
Opinion delivered: October 12, 
2007